## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GREENWICH METALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)        Case No. 07-2252-EFM<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

1.  Greenwich's Motion for Leave to File Expert Disclosures Out of Time (Doc. 60),

2.  Schlumberger's Motion to Strike Expert Disclosures (Doc. 61), and

3.  Schlumberger's Motion for a Protective Order (Doc. 76).

The rulings are set forth below.

## Background

Highly summarized, Schlumberger alleges that it contracted with Greenwich for the delivery of lead ingots with certain qualities. Schlumberger contends that the initial shipment was defective and caused a temporary shutdown of Schlumberger's manufacturing operation.

Schlumberger asserts claims for breach of contract and unjust enrichment based on the delivery of defective lead and Greenwich's failure to return payments. Greenwich denies plaintiff's claims and asserts a counterclaim for breach of contract.

### Defendant's Motion for Leave to File Expert Disclosures Out of Time
### and
### Plaintiff's Motion to Strike

Greenwich and Schlumberger's motions both concern the timeliness of Greenwich's expert disclosures. A brief explanation of the scheduling order and the sequence of disclosures provides necessary context for the parties' dispute.

The second revised scheduling order established a January 9, 2009 deadline for plaintiff to provide its expert witness disclosures and a February 13, 2009 deadline for defendant's expert witness disclosures. (Doc. 51). A footnote in the scheduling order provides that the term "plaintiff" includes: "plaintiffs *as well as counterclaimants*, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief." Id. at 1 (emphasis added).

Greenwich produced no expert disclosures in support of its counterclaims by the January 9, 2009 deadline but disclosed Kevin Tucker and Leo Horowitz as expert witnesses on February 13, 2009. Mr. Tucker conducted an analysis of certain lead ingots and produced a report on their chemical content. Mr. Horowitz issued an expert report on "hedging" practices in the industry and damages related to Greenwich's counterclaim.

Schlumberger's counsel concluded that Tucker and Horowitz's expert opinions

support Greenwich's counterclaims and advised Greenwich that the disclosures were untimely and demanded that the witnesses be withdrawn. Greenwich moves for leave to file its disclosures out of time, arguing in a conclusory manner that it does not believe the reports are untimely. Greenwich also argues that the delay was due to the "inadvertence of counsel" and plaintiff is not prejudiced because Schlumberger has sufficient time before trial to disclose rebuttal experts and file dispositive motions. Schlumberger counters with a motion to strike. The parties' arguments are discussed in greater detail below.

Schlumberger argues that Greenwich's motion for an extension of time should be summarily denied for failure to comply with the "meet and confer" requirements set forth in D. Kan. Rule 37.2. The court declines to summarily deny Greenwich's motion on this basis because it is clear that (1) Schlumberger expressed its opposition to Greenwich's disclosures and (2) further informal discussions would not change either party's position. Equally important, "requests for an extension of time to perform an act" are governed by D. Kan. Rule 6.1. It is less than clear whether D. Kan. Rule 37.2 applies to Greenwich's motion.

With respect to Tucker, Greenwich argues that its disclosures were timely because Tucker's report supports its ***defense*** to plaintiff's claim that the lead was defective and the contract breached. Schlumberger disagrees and asserts that Tucker's report also supports Greenwich's counterclaim (that the lead complied with the terms of the contract); therefore, Tucker's report should have been produced on January 9, 2009.[1]

---

[1] Schlumberger argues that Tucker's opinion does not provide a defense because Tucker did not test the ***initial*** shipment of lead that plaintiff rejected. The record is not sufficiently developed for this court to determine how much weight, if any, Tucker's opinion should be given to Greenwich's defense.

The court is not persuaded that Mr Tucker's testimony should be excluded from the trial merely because his expert opinion arguably supports ***both*** a defense to plaintiff's claims and a counterclaim.  The essence of Tucker's opinion is that the lead was not defective and satisfied the contract.  Schlumberger has fair notice of Tucker's opinions and the court will not strike Mr. Tucker's testimony based on a narrow interpretation of deadlines in the scheduling order.

With respect to Mr. Horowitz, Greenwich concedes that his expert testimony relates to its counterclaim for damages and his expert report should have been disclosed by January 9, 2009.  Greenwich also concedes that the delay in producing the report is due to counsel's inadvertence.  However, Greenwich argues that Mr. Horowitz's expert disclosures should not be excluded because (1) plaintiff suffers little or no prejudice from allowing the belated disclosure, (2) any prejudice can be cured, (3) introduction of Mr. Horowitz's testimony will not disrupt the trial, and (4) Greenwich's delay does not rise to the level of bad faith or willfulness.  See Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)(listing factors court should consider in evaluating a Rule 26(a) disclosure violation).

Schlumberger counters that it suffers prejudice because it produced a key employee (Debby Roberts) for deposition under the belief that Greenwich would not be using an expert to support its counterclaim.  However, the court is not persuaded that Ms. Roberts' testimony would have been materially different had plaintiff known that Mr. Horowitz would be an expert witness concerning hedging practices in the industry.  Schlumberger also argues that it made "strategic judgments about the pursuit of discovery in a false and misleading context

based on Greenwich's decision not to identify expert witnesses in support of its counterclaim." However, Schlumberger offers no specifics. The court will not strike an expert's testimony based on vague representations concerning strategy.

The court is satisfied that Schlumberger suffers little, if any, prejudice in the belated disclosure of Mr. Horowitz's expert report. Moreover, any prejudice can be cured by allowing Schlumberger to reopen discovery upon a proper showing of need. Importantly, there is no evidence of bad faith and the belated disclosure is not disruptive to the trial. Under the circumstances, Greenwich's motion for leave to file the expert reports out of time shall be granted and Schlumberger's motion to strike shall be denied.

**IT IS THEREFORE ORDERED** that Greenwich's motion for leave to file its expert disclosures out of time **(Doc. 60)** is **GRANTED.** Schlumberger's motion to strike **(Doc. 61)** is **DENIED.**

### Schlumberger's Motion for a Protective Order

Schlumberger seeks a protective order concerning an informal deposition Greenwich scheduled in Canada with Xstrata, a non-party. For the reasons set forth below, the motion shall be GRANTED.

Xstrata is a Canadian corporation and produced the lead at issue in this lawsuit.[2]

---

[2] Falconbridge Ltd., the company that produced the lead ingots, is now known as Xstrata.

Through an informal agreement with Xstrata, Greenwich scheduled a limited Rule 30(b)(6) deposition of an unnamed corporate representative in New Brunswick, Canada.[3]  The deposition notice indicates that Xstrata's corporate representative will testify concerning only four topics:

>     1. Chemical analysis conducted by you on the lead,
>
>     2. Make and model of testing equipment used by you in the chemical analysis of the lead,
>
>     3. Calibration procedures performed by you prior to conducting chemical analysis of the lead, and
>
>     4. Results of chemical analysis conducted by you on the lead.

After receiving the deposition notice Schlumberger contacted Xstrata to inquire whether Xstrata would provide testimony on additional topics submitted by Schlumberger.  Xstrata did not respond to Schlumberger's inquiry.  Greenwich's counsel subsequently conveyed that Xstrata will not produce witnesses to discuss Schlumberger's areas of inquiry.

Schlumberger argues that Greenwich has not issued a subpoena or other legal process, such as a letter rogatory, that would bring Xstrata or its corporate representative within the court's jurisdiction.  Because Xstrata has indicated an unwillingness to answer Schlumberger's questions and there is no legal procedure in place to compel answers,

---

[3]

Greenwich and Xstrata share a common interest in establishing that the lead complied with the contract.  If Schlumberger recovers damages against Greenwich for failure to deliver lead in conformity with the contract, Greenwich has a similar claim against Xstrata.

Greenwich asserted a third-party complaint in this case against Xstrata.  However, Xstrata successfully argued that this court lacked personal jurisdiction over the Canadian company and has been dismissed from the case.  Memorandum and Order, Doc. 46.

Schlumberger argues that it should not be required to waste its time and resources traveling to Canada for the deposition.[4]  The court agrees.

Schlumberger also argues that Greenwich's proposed deposition concerning Xstrata's chemical analysis of the lead is simply a "back-door" attempt to add a witness that was never disclosed in Greenwich's Rule 26 disclosures.  More importantly, the undisclosed witness would provide expert testimony.  Greenwich does not challenge or otherwise respond to Schlumberger's argument concerning an undisclosed expert witness.  Under the circumstances, Schlumberger's motion for a protective order shall be granted.

**IT IS THEREFORE ORDERED** that Schlumberger's motion for a protective order (**Doc. 76**) is **GRANTED.**  The deposition of Xstrata corporate representatives in Canada shall not proceed absent further order of the court.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or

---

[4]

Greenwich argues that the motion is premature and the parties and court should wait and see whether Xstrata answers Schlumberger's questions.  This argument is not persuasive given the time and expense required to travel to New Brunswick, Canada.

supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of May 2009.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge